```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
              -v-                        :       08cr1244 (DLC)
                                         :       13cv7780 (DLC)
DAVID CHRISTIE,                          :
                                         :       OPINION AND ORDER
                        Defendant.       :
                                         :
-----------------------------------------X
```

APPEARANCES

For the Government:
Geoffrey S. Berman
United States Attorney for the Southern District of New York
by: Robert B. Sobelman
One Saint Andrews Plaza
New York, New York 10007

For the Defendant:
Richard F. Albert
Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Avenue
New York, New York 10017

DENISE COTE, District Judge:

In a motion styled as Rule 60(b)(6) motion, defendant David Christie seeks to be resentenced. This motion is denied.

## **Background**

On February 1, 2010, a jury returned a verdict of guilty against Christie on two counts that charged him with importing from Jamaica and conspiring to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 846 and 963. See

United States v. Christie, 08cr1244 (RWS), 2011 WL 180824, at *1 (S.D.N.Y. Jan. 19, 2011).

The evidence at trial established that from 2000 through 2008, Christie exported drugs from Jamaica to the United States by, among other things, arranging for them to be hidden in wall panels of the cargo sections of commercial airliners. See id. at *3-*4. Christie's co-conspirators received a commission of two kilograms for every five kilograms of cocaine that he sent from Jamaica.

The PreSentence Report calculated a base offense level of 38, based on Christie's role in the importation of 150 pounds of marijuana and 150 kilograms of cocaine, and a total offense level of 42. On February 3, 2011, Christie was sentenced to 240 months' imprisonment, substantially below the Sentencing Guidelines range of 360 months to life imprisonment. On that same date, an Order of Forfeiture was entered in the amount of $3,150,000.

The forfeiture amount was based on the calculation that Christie had trafficked in 150 kilograms of cocaine during the 2004-05 winter season, see Christie, 2011 WL 180824, at *2-*3, at a value of $21,000 per kilogram. There was no offset to account for the quantity of cocaine Christie permitted his co-conspirators to keep as commissions.

On April 13, 2012, Christie's conviction was affirmed on direct appeal. See United States v. Reid, 475 Fed. App'x 385 (2d Cir. 2012). Christie did not seek review of the Order of Forfeiture or of his sentence on direct appeal.

On October 30, 2013, Christie filed a pro se petition for relief pursuant to 28 U.S.C. § 2255 ("2013 Petition"). In the 2013 Petition and the accompanying memorandum of law, Christie argued that he was denied effective assistance of counsel because (1) counsel failed to object to the purported constructive amendment of the indictment, (2) counsel failed to object to the Order of Forfeiture, and (3) counsel advised Christie not to testify at trial without explaining fully the reasons why Christie should not testify. Christie did not raise any arguments in the 2013 Petition about his sentence or the quantity of drugs attributed to him in the Court's determination of the applicable Guidelines range. He did state that, had he exercised his right to testify, he would have testified that "he had never imported 300 kilograms of cocaine into the United States." On May 23, 2014, the Honorable Robert W. Sweet denied the 2013 Petition. See Christie v. United States, 08cr1244 (RWS), 2014 WL 2158432 (S.D.N.Y. May 23, 2014). Christie did not request a certificate of appealability or otherwise seek appellate review of the ruling.

On February 23, 2016, the Government moved for entry of a Preliminary Substitute Assets Order. On July 8, 2016, new counsel was appointed for Christie. On April 7, 2017, Judge Sweet granted the Government's motion only with respect to one of the real properties the Government sought to forfeit, which "was acquired on information and belief in the 1990's for $2,700,000," "on the condition that any funds in excess of the Money Judgment be returned to Christie." See United States v. Christie, 249 F. Supp. 3d 739, 748 (S.D.N.Y. 2017). Christie appealed from that order.

While that appeal was pending, Christie moved for a writ of error coram nobis, seeking a modification of the Order of Forfeiture in light of Honeycutt v. United States, 137 S. Ct. 1626 (2017). Christie was again appointed new counsel on November 30, 2017. On February 8, 2018, Judge Sweet entered a Stipulation and Order (the "Stipulation"), wherein the Government agreed not to seek to collect more than $1,890,000, in satisfaction of the $3,150,000 money judgment entered on February 3, 2011, which resolved both the appeal and the coram nobis motion. Specifically, the parties agreed in the Stipulation that $1,890,000 "represents the proceeds for which the defendant has been adjudged responsible as a result of his conviction." The Stipulation did not address the quantity of drugs attributable to Christie for purposes of sentencing.

4

On July 20, 2018, counsel for Christie filed the instant motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The motion became fully submitted on November 13, 2018. Judge Sweet presided over oral argument on the motion on November 28, 2018. Counsel for Christie explained, inter alia, that Christie was not arguing that the Sentencing Guidelines calculation used at sentence was wrong. Instead, he believed he should be resentenced so that his lack of a financial interest in a large portion of the drugs he exported to the United States could be taken into account as a mitigating circumstance, something his defense attorney failed to argue during the sentencing proceeding. The case was reassigned to this Court's docket on May 8, 2019.

## Discussion

Rule 60(b), Fed. R. Civ. P., provides in relevant part that a district court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect" or "(6) any other reason justifying relief from the operation of the judgment." Unlike Rule 60(b)(1), Rule 60(b)(6) does not prohibit a party from bringing a motion more than a year after the entry of judgment in a civil case. See Fed. R. Civ. P. 60(c). To obtain relief under Rule 60(b)(6), however, a party must demonstrate "extraordinary circumstances" and show that the relief requested "is not premised on one of the grounds

5

for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988).

In the habeas context, relief under Rule 60(b) is available "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citation omitted). A motion that "presents new claims for relief from [the underlying] judgment of conviction" or attempts to "add a new ground for relief" is beyond the scope of Rule 60(b). Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). Such claims and grounds can be put forth only in a successive habeas motion that must be presented to the Court of Appeals in the first instance. Id. at 530. When faced with an improper Rule 60(b) motion from a criminal defendant attacking his underlying conviction, a district court may either transfer the motion to the Court of Appeals for consideration as a second or successive motion under 28 U.S.C. § 2244 (with advance notice to the defendant), or simply deny the motion as being beyond the scope of Rule 60(b). Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002).

Separately, a Rule 60(b) motion must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). When considering whether a Rule 60(b) motion was made within a "reasonable time,"

6

a court should consider the "particular circumstances of the case, and balance the interest in finality with the reasons for delay." PRCHarris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983). The Second Circuit has deemed a delay in the filing of a Rule 60(b) motion of 26 months from the entry of the challenged criminal judgment to be unreasonable absent mitigating circumstances. See Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001).

Section 2255 provides, in relevant part, that a district court may vacate and set aside a judgment of conviction

> [i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255. The right to collaterally attack a judgment of conviction under Section 2255 is limited by a one-year period of limitation, which begins to run from the latest of, among other things, the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Id.

A second or successive Section 2255 petition may not be entertained unless the petition is certified by a panel of the Court of Appeals to contain newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing

7

evidence that no reasonable fact finder would have found the defendant guilty of the underlying offenses, or to invoke a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court. Id.

The present motion, although denominated a Rule 60 motion, is in fact a successive habeas petition. It seeks a resentencing on the ground that defense counsel was ineffective at Christie's sentencing for not making a particular argument when seeking leniency. This is a challenge to the underlying judgment, and not to the decision denying the 2013 Petition.

Even if it were possible to treat the motion as a Rule 60(b) motion -- and it is not -- it is untimely. If brought to challenge the integrity of Christie's first habeas petition due to mistake or excusable neglect, Christie had to bring it within one year of the 2014 decision denying the petition. He did not. Even if he could properly characterize it as a Rule 60(b)(6) motion, and thus as a challenge premised on a ground other than those otherwise enumerated in Rule 60(b), he has failed to demonstrate extraordinary circumstances justifying relief or mitigating circumstances justifying the delay in bringing this motion. See Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004).

## Conclusion

Christie's July 20, 2018 motion for relief from judgment is denied. Because Christie has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. 2253(c); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: New York, New York
July 2, 2019

_____
DENISE COTE
United States District Judge